IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY ODELL HENRY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-1163-L-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Billy Odell Henry, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

### I.

In 2005, petitioner pled guilty to aggravated sexual assault of a child and was sentenced to 75 years confinement. His conviction and sentence were affirmed on direct appeal. *Henry v. State*, No. 08-05-00364-CR, 2007 WL 2405798 (Tex. App.--El Paso, Aug. 23, 2007, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Henry*, WR-74,254-01 (Tex. Crim. App. Dec. 22, 2010). Petitioner then filed this action in federal district court.

### II.

Petitioner raises five broad issues in 12 grounds for relief. Succinctly stated, petitioner contends that: (1) his guilty plea was involuntary; (2) his conviction was the result of prosecutorial

misconduct; (3) he received ineffective assistance of counsel at sentencing and on appeal; (4) he is

actually innocent; and (5) the trial court violated his right to due process by improperly admitting

hearsay evidence and evidence of extraneous offenses.

Respondent has filed a preliminary response in which he argues that this case is barred by

the AEDPA statute of limitations. Petitioner addressed the limitations issue in a reply filed on

June 20, 2011. The court now determines that this case should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-

year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See*

ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214

(1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for seeking
> such review;
>
> (B)   the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of the
> United States is removed, if the applicant was prevented from filing
> by such State action;
>
> (C)   the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable
> to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-

conviction or other collateral review is pending is excluded from the limitations period. *Id.*

§ 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and

exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

### B.

Petitioner was sentenced to 75 years in prison for aggravated sexual assault of a child. His conviction was affirmed by the Texas court of appeals on August 23, 2007. The Texas Court of Criminal Appeals refused a petition for discretionary review on January 23, 2008. Petitioner did not seek relief in the United States Supreme Court by way of a petition for writ of certiorari. Therefore, his conviction became final on April 22, 2008 -- 90 days after the Texas Court of Criminal Appeals denied review. *See Gray v. Dretke*, Nos. 3-04-CV-2295-P & 3-04-CV-2303-P, 2005 WL 1133860 at *2 (N.D. Tex. May 10, 2005), *rec. adopted*, 2005 WL 1630030 (N.D. Tex. Jul. 7, 2005), *COA denied*, No. 05-10959 (5th Cir. Mar. 30, 2007) (state conviction becomes final for limitations purposes when 90-day deadline for seeking further relief in Supreme Court expires). Petitioner filed an application for state post-conviction relief on March 23, 2009. The application was denied on December 22, 2010. Petitioner filed this action in federal court on May 30, 2011.

The AEDPA statute of limitations started to run on April 22, 2008, when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). This period was tolled from March 23, 2009 until December 22, 2010, a total of 640 days, while his state writ was pending. Even allowing for this tolling period, petitioner filed his federal writ 128 days after the expiration of the one-year statute of limitations. In an attempt to salvage his untimely claims, petitioner argues that he had until September 23, 2008 to file a petition for writ of certiorari in the United States Supreme Court, and that his conviction did not become final until that date. (*See* Pet. Reply at 1). Petitioner is mistaken. Under Supreme Court rules, "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this

Court within *90 days* after entry of the judgment." SUP. CT. R. 13.1 (emphasis added).  Where, as here, a state prisoner does not seek review of his underlying conviction by way of a petition for writ of certiorari, the conviction becomes final for limitations purposes when the 90-day for seeking certiorari review expires.  *Gray*, 2005 WL 1133860 at *2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  In this case, petitioner's conviction became final on April 22, 2008 -- not September 23, 2008.  His federal writ should be dismissed as untimely.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  September 2, 2011.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE