IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BILLY ODELL HENRY**, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3-11-CV-1163-L-BD** |
| § | |
| **RICK THALER, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division**, § | |
| § | |
| Respondent. § | |

## ORDER

Before the court is Billy Odell Henry's Petition for Writ of Habeas Corpus, filed June 2, 2011. The case was referred to Magistrate Judge Jeff Kaplan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on September 2, 2011. By order dated September 27, 2011, the court granted Petitioner's request for extension of time to file objections to the Report by October 14, 2011. Although not received until October 17, 2011, it appears that Petitioner's objections were mailed on October 12, 2011, and therefore are likely timely under Rule 3(d) of the Rules Governing Section 2254 cases in the United States District Courts.

Petitioner pled guilty to aggravated sexual assault of a child in 2005 and was given a 75-year sentence. Petitioner's habeas petition was based on a number of grounds for relief. The magistrate's Report notes that Respondent filed a preliminary response, asserting that Petitioner's case is barred by statute of limitations. Without addressing the merits of Petitioner's various grounds for relief, the magistrate judge concluded that the petition is procedurally barred by statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because even though

limitations was tolled from March 23, 2009 to December 22, 2010, Petitioner's federal writ was still filed 128 days after the one-year statute of limitations expired. Petitioner states in his objections that his unit was in lockdown for two weeks and during this time he was unable to access the law library. Even if the court determined that limitations was equitably tolled for this two week period, Petitioner's application would still be woefully untimely.

Petitioner also asserts that he relied to his detriment on incorrect legal advice provided by a fellow inmate. As Petitioner acknowledges, however, ignorance of the law is not a valid excuse. Moreover, it is well settled that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Thus, Petitioner's ignorance of the law does not justify equitable tolling.

Accordingly, after reviewing the pleadings, file, Petitioner's objection, the record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The court therefore **overrules** Petitioner's objections**,** and **accepts** the magistrate judge's findings and conclusions as those of the court, and **dismisses with prejudice** Billy Odell Henry's Petition for Writ of Habeas Corpus.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**)    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 21st day of October, 2011.

                                                    Sam A. Lindsay
                                                  United States District Judge

---

order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 3**